FILED
4/26/19 11:44 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No. 14-21241-GLT |
| REBECCA J. FREEMAN, | Chapter 13 |
| *Debtor*. | |
| | Related to Dkt. No. 92 |
| GARY W. SHORT, | |
| *Movant,* | |
| v. | Hearing: May 8, 2019 at 9:30 a.m. |
| RONDA J. WINNECOUR, TRUSTEE | |
| *Respondent.* | |

## ORDER

Before the Court is the *Application for Final Compensation and Reimbursement of Expenses* (the "Application") filed by Attorney Gary W. Short, Esq. (the "Applicant") which requests the allowance of legal fees in the amount of $6,240 and $77.64 in costs for the period of February 8, 2014 through March 18, 2019 in the above-captioned case.[1]  The Applicant recently filed a *Certificate of No Objection* as no timely objection to the *Application* was filed by any party.[2]  After finding that it has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §1334 and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b), the Court also concludes that due and proper notice of the *Application* and the objection deadline were given. Accordingly, the Court makes the following findings:[3]

---

[1]  Dkt. No. 92.

[2]  Dkt. No. 96.

[3]  This Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

1

        A.    Pursuant to 11 U.S.C. § 330(a)(4)(B), "the court may allow reasonable compensation to the debtor's attorney [in a chapter 13 case] … based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." To determine the amount of reasonable compensation to be awarded, section 330(a)(3) directs the Court to consider the nature, extent, and value of such services, taking into account all relevant factors, including:

    (i)    The time spent on such services;

    (ii)    The rates charged for such services;

    (iii)    Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered, toward the completion of the bankruptcy case;

    (iv)    Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (v)    With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (vi)    Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[4]

        B.    Consistent with its duty to independently scrutinize fee applications,[5] the Court finds that some of the fees requested in the *Application* require adjustment because they are unreasonable or excessive in light of the tasks performed. Specifically, the *Application* unreasonably charges the Debtor for purely administrative tasks at the attorney's full hourly rate. Within the

---

[4]    11 U.S.C. § 330(a)(3).

[5]    See 11 U.S.C. § 329(b); In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994).

2

*Application*, the Court identified several purely administrative tasks that were charged at the Applicant's full hourly rate of $300 per hour. The charges consist of the following:

    C.

| Description | Date | Time Charged | Amount Charged | Adjusted Amount |
|---|---|---|---|---|
| Faxed notice to MF counsel | 3/31/14 | 0.1 hour | $30 | $10 |
| Filed and serve 362c3 motion | 3/31/14 | 0.4 hour | $120 | $40 |
| Filed CNO on 362c3 | 4/18/14 | 0.1 hour | $30 | $10 |
| Mailed 341 meeting memo to client, calendared | 4/21/14 | 0.1 hour | $30 | $10 |
| Mailed in payment | 4/28/14 | 0.1 hours | $30 | $10 |
| Mailed 341 meeting memo, calendared | 5/20/14 | 0.1 hour | $30 | $10 |
| Prep and mailed payment / tax return memo | 10/24/14 | 0.2 hours | $60 | $20 |
| Mailed in payment | 5/27/15 | 0.1 hours | $30 | $10 |
| Mailed payment memo to Rebecca | 7/14/2015 | 01 hours | $30 | $10 |
| Served amended plan and filed COS | 7/23/15 | 0.2 hours | $60 | $20 |
| Mailed payment memo to client | 9/27/15 | 0.1 hours | $30 | $10 |
| Projected: File CNO on fee application | | 0.1 hours | $30 | $10 |

    D.    The rate charged for a specific task must be commensurate with the skills and experience necessary to complete the activity. For this reason, courts find it necessary to reduce the rate billed by attorneys for work done on administrative or clerical tasks.[6]

---

[6] See, e.g., In re DeMarco, 2016 WL 899915 at *5 (Bankr. D.N.J. Feb. 9, 2016) ("Such routine ministerial, secretarial, or paralegal in nature tasks generally should not be compensated at an attorney's hourly rate."); In re S.T.N. Enterprises, Inc., 70 B.R. 823, 839 (Bankr. D.Vt. 1987) (activities that should be performed by administrative rather than legal staff "must not be billed by the hour at an attorney's rate"); Tatum v. City of New York, 2010 WL 334975 (S.D.N.Y. Jan. 28, 2010).

E. Pursuant to the *Chapter 13 Contract* attached as Exhibit B to the *Application*, the Applicant billed his work at $300 per hour. However, this rate represents work to be performed by the attorney in their capacity as legal counsel. Work that could or should have been performed by a non-attorney may not be billed at the same rate as work requiring the attorney's special expertise. Accordingly, for the purely administrative tasks identified above in ¶ C, the Court finds that a rate of $100 per hour is appropriate. Applying these terms to the above charges, the Court finds that the appropriate fee for the tasks referenced in ¶ C is $170 ($100/hour x 1.7 hours = $170.00). Accordingly, the Court will reduce the requested fees by $340.00 ($510 - $170 = $340).

F. The Court notes that the Applicant previously submitted numerous fee applications which were approved for payment because they did not present any issues of concern. In rendering these findings, the Court does not wish to convey that there are any systemic concerns about the Applicant's billing practices, nor does it wish to overly scrutinize each fee application beyond the standards required under section 330. Instead, the Court recognizes the volume of work that is required to prosecute a chapter 13 case on behalf of a consumer debtor and it acknowledges that legal counsel are entitled to be adequately compensated for their time and services. In this instance, however, the Court was compelled to make adjustments when it observed multiple time entries that are seemingly excessive for the nature of the work involved.

Based upon the foregoing, the Court finds that it is reasonable and appropriate to reduce the fees requested in the *Application* to an amount which is commensurate with the value of the services received by the bankruptcy estate. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The *Application* is granted in the amount of $5,900 ($6,240 - $340 = $5,900) for legal fees and $77.64 in costs incurred during the period of February 8, 2014 through March 18,

4

2019. The *Application* is denied to the extent it seeks $340 in fees for the time entries referenced in ¶ C.

        2.     The Applicant states that he has not received any pre-petition retainer. The chapter 13 trustee has disbursed $4,000 to Applicant pursuant to the "no-look fee." The remaining unpaid balance of $1,977.64 ($5,977.64 - $4,000) is to be paid to Gary W. Short, Esq. through the chapter 13 plan provided that the plan sufficiently provides for those fees. The fees must be paid from the Debtors' resources without decreasing the percentage or amount to be paid to other creditors through the plan.

        3.     The Clerk shall record the interim award of compensation in the amount of $5,977.64.

Dated: April 26, 2019

                                                   GREGORY L. TADDONIO  cgt
                                                   UNITED STATES BANKRUPTCY JUDGE

Case Administrator to serve:
    Debtor
    Gary W. Short, Esq.
    Ronda Winnecour, chapter 13 trustee

```
                          United States Bankruptcy Court
                          Western District of Pennsylvania
In re:                                                              Case No. 14-21241-GLT
Rebecca J. Freeman                                                  Chapter 13
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: bsil              Page 1 of 1               Date Rcvd: Apr 26, 2019
                              Form ID: pdf900         Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 28, 2019.
db             +Rebecca J. Freeman,    114 North Pacific Avenue,    Pittsburgh, PA 15224-2441

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 28, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 26, 2019 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. andygornall@latouflawfirm.com
              Gary William Short    on behalf of Debtor Rebecca J. Freeman garyshortlegal@gmail.com,
               gwshort@verizon.net
              James   Warmbrodt    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor    City and School District of Pittsburgh jhunt@grblaw.com,
               cnoroski@grblaw.com
              Jeffrey R. Hunt    on behalf of Creditor    Allegheny County jhunt@grblaw.com,   cnoroski@grblaw.com
              Jeffrey R. Hunt    on behalf of Creditor    Pittsburgh Water & Sewer Authority jhunt@grblaw.com,
               cnoroski@grblaw.com
              John P. Neblett    on behalf of Creditor    Great Lakes Higher Education Corporation
               jpn@neblettlaw.com,   lln@neblettlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Equitable Gas Bankruptcy Department sjw@sjwpgh.com,
               Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                              TOTAL: 11